**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3258-20

BRIAN SMITH,

     Plaintiff-Appellant,

v.

TOWNSHIP OF SOUTH
HACKENSACK, SOUTH
HACKENSACK FIRE
DEPARTMENT, BRANDON
RECZKOWSKI, ANTHONY
MORENO, and JERRY
D'AMICO,

     Defendants-Respondents.

_____

          Submitted February 8, 2021 – Decided February 18, 2022

          Before Judges Fisher and DeAlmeida.

          On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-4527-19.

          Lynch Lynch Held Rosenberg, PC, attorneys for appellant (Joseph Cerra and Neil Weiner, on the briefs).

Keenan & Doris, LLC, attorneys for respondents (Ian C. Doris, of counsel and on the brief; Erdal Turnacioglu, on the brief).

PER CURIAM

N.J.S.A. 34:15-43 provides that "each and every member of a volunteer fire company doing public fire duty . . . who may be injured in line of duty shall be compensated" under the Workers' Compensation Act, N.J.S.A. 34:15-1 to -147. Plaintiff, a volunteer firefighter, was struck by a South Hackensack fire truck at a time when, as he alleges, the individual defendants were using the truck to bar hop. Based on those allegations and in eschewing the notion that his remedy for his injuries lies within the Workers' Compensation Act, plaintiff filed this action for personal injury damages in the Law Division against South Hackensack and the other defendants.

In November 2020 – seventeen months after the filing of the complaint – defendants moved to dismiss, asserting that the trial court lacked subject matter jurisdiction, that the Division of Workers' Compensation possessed exclusive jurisdiction, and that plaintiff's sole remedy was to be found, if at all, within the Workers' Compensation Act. The motion judge rejected the argument that the court lacked subject matter jurisdiction but concluded the Division possessed primary jurisdiction and transferred the matter, pursuant to Rule 1:13-4, to the

Division. Plaintiff moved for, but failed to obtain, either reconsideration or leave to appeal.

Despite the motion judge's transfer order, the Division's computer system would not recognize the matter's existence and plaintiff was advised that the Division would not adjudicate the case unless plaintiff filed a petition for benefits. Refusing to voluntarily do so, plaintiff moved in the trial court for reinstatement of his complaint. The judge denied the motion but, after a conference with counsel, wrote to the Division providing further notification of her transfer order.

The Division's supervising judge reconfirmed that the matter would not be adjudicated unless plaintiff filed a petition for benefits notwithstanding the transfer order. Plaintiff again moved in the trial court for reconsideration and the judge again denied relief, this time declaring that she would not reconsider or reinstate the matter "until both parties cooperate fully to have the threshold issue properly addressed in the Division." The judge further asserted in her order that "if [p]laintiff chooses to file a petition to comply with the intent" of the prior orders, plaintiff would also be entitled to state in the petition that it "is filed under [c]ourt direction" and its filing would not be deemed an admission.

Plaintiff instead filed a notice of appeal. After communications with our clerk's office about the finality of the trial court proceedings, plaintiff moved in this court for a determination about the appealability of the trial court order transferring the matter to the Division. We resolved the question by ruling that even if the order was interlocutory, we would have granted leave to appeal. We also accelerated the appeal.

We conclude that the invocation of the primary jurisdiction doctrine was a mistaken exercise of the judge's discretion. Our Supreme Court recognizes that while the Division often must consider its own jurisdiction and decide when an occurrence takes place in or outside the course of employment so too the superior court has jurisdiction "to determine the existence of the employment relationship and such other employment issues as are raised by way of defense to the employee's tort action." Est. of Kotsovska v. Liebman, 221 N.J. 568, 587 (2015). Our jurisprudence is replete with examples where the jurisdictional question has been resolved by the Division, see, e.g., Lapsley v. Twp. of Sparta, __ N.J. __ (2022), and by the superior court, see, e.g., Ramos v. Browning Ferris Indus. Inc., 103 N.J. 177 (1986); Hanisko v. Billy Casper Golf Mgmt., Inc., 437 N.J. Super. 349 (App. Div. 2014); Doe v. St. Michael's Med. Ctr., 184 N.J. Super. 1 (App. Div. 1982).

Indeed, the four recognized grounds for the invocation of the primary jurisdiction doctrine weigh heavily in plaintiff's favor. The issue: (1) is a matter "often determined by trial judges and juries," (2) the Division may be "best suited" for the determination but the issue is not unfamiliar to the superior court, and (3) there is no risk of inconsistent rulings because (4) plaintiff has declined to file a petition for benefits in the Division. Est. of Kotsovska, 221 N.J. at 588-89 (internal quotation marks and citations omitted). In recognizing that these factors favor plaintiff's position, we conclude the judge abused her discretion in putting plaintiff to the peculiar burden of prosecuting a claim in another forum for the sole purpose of proving this other forum lacks jurisdiction over the claim.

Since both fora are well-equipped and accustomed to deciding issues like the pivotal issue that prompted the order under review, the question of which decides depends on where the claim is asserted. Plaintiff commenced his action in the superior court and, as the suitor and "master of his complaint," Puglia v. Elk Pipeline, Inc., 226 N.J. 258, 282 (2016), plaintiff was entitled to pursue the matter in the superior court until such time as defendants are able – if ever – to show that the occurrence falls within the workers' compensation laws. See Est. of Kotsovska, 221 N.J. at 591 (recognizing the significance of the suitor's choice of forum in determining which forum should decide the pivotal issue). The

5                                                                                    A-3258-20

Division does not have exclusive jurisdiction over the claim as pleaded by plaintiff and, consequently, the Division should not have been assigned by the trial judge the task of deciding the issue that may determine whether plaintiff should be relegated to workers' compensation benefits rather than personal injury damages.

The order under review is reversed, the transfer order is vacated, and the matter remanded for the entry of an order denying defendants' motion to dismiss. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3258-20